█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARION STEVENSON, Appellant.— Order of the Supreme Court, Queens County, dated June 13, 1966, modified, on the law, to the extent of directing the holding of a hearing on the issue whether there was such improper publicizing of defendant's arrest and interrogation as to render a fair trial impossible and as to induce his guilty plea. Proceeding remitted to the court below for the purpose of holding such hearing and making a determination *de novo*. As so modified, order affirmed. (*People* v. *Sepos,* 16 N Y 2d 662; see *People* v. *Stevenson,* 23 A D 2d 856.) Appeal from order of the Supreme Court, Queens County, dated October 22, 1965, denying an application described as for *coram nobis* relief, dismissed. That order was vacated by an order of said court dated December 15, 1965; furthermore, the *coram nobis* proceeding was determined by the above-mentioned order of June 13, 1966. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW WALKER, Appellant.— Appeal by defendant from an order of the County Court, Suffolk County, dated October 8, 1965, which denied, without a hearing, an application to set aside the decision of the trial court on a *Huntley* hearing and to reopen the same for the purpose of obtaining the testimony of the complainant. Appeal dismissed. Such an order is not separately appealable (see Code Crim. Pro., § 517; *People* v. *Farina,* 2 A D 2d 776, affd. 2 N Y 2d 454; *People* v. *Giordano,* 9 A D 2d 780). We have, nevertheless, examined the merits and, if we were not dismissing the appeal, we would affirm the order. [For prior related proceedings, see *People* v. *Walker,* 22 A D 2d 927; 24 A D 2d 1079; *People* v. *Smith,* 22 A D 927; 23 A D 2d 893.] Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.